IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIYI ZHOU, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 06-cv-100 |
| | : | |
| ALBERTO GONZALES, | : | |
| U.S. ATTORNEY GENERAL, | : | |
| | : | |
| Defendant. | : | |

### **MEMORANDUM**

Presently pending is Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #5). Plaintiff has not specifically replied to Defendant's Motion, but he has sent several letters to this court regarding his case.

On January 10, 2006, Plaintiff filed papers with the clerk's office identified by the clerk as Plaintiff's Complaint (Dkt. #1) on the docket sheet for this case. The docket sheet also reveals an entry entitled "Motion to Compel U.S. Attorney General Alberto Gonzales To Accord Victim's Rights and Providing Victim's Services" (Dkt. #2) also filed on January 10, 2006. In response to Plaintiff's pleadings, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on March 13, 2006. Beginning with correspondence dated March 17, 2006, Plaintiff has submitted several letters to this court stating that the docket sheet for his case is full of mistakes and that he only filed a Motion to Compel against Defendant and did not file a Complaint.

Looking to the papers that Plaintiff has submitted to the court, whether viewed as a Complaint or Motion to Compel, Plaintiff has failed to allege any jurisdictional ground upon which this court could order Defendant to take any action. Defendant has moved to dismiss the Complaint, as identified on the docket sheet, citing the absence of subject matter jurisdiction in this court and specifically noting that the federal government has not waived sovereign immunity in this case. Plaintiff has not specifically replied to Defendant's Motion to Dismiss.

However, I have considered his pleading and Defendant's Motion and conclude that Plaintiff has failed to state a cause of action for which the United States has waived sovereign immunity. See United States v. Mitchell, 445 U.S. 535, 538 (1980) (stating that the doctrine of sovereign immunity provides immunity to the United States from suit unless there is express consent); United States v. Testan, 424 U.S. 392, 399 (1976) (stating that Congress must consent to a cause of action against the United States for a court to entertain suits against the federal government).  An appropriate Order follows.

Case 2:06-cv-00100-PD   Document 7   Filed 06/13/06   Page 3 of 3