IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIYI ZHOU, : | |
| : | |
| Plaintiff, : | |
| v. : | No. 06-cv-100 |
| : | |
| ALBERTO GONZALES, : | |
| U.S. ATTORNEY GENERAL, : | |
| Defendant. : | |

### MEMORANDUM

Presently pending is Plaintiff's "Affidavit of Bias or Prejudice," filed pursuant to 28 U.S.C. § 144, which permits a party to a proceeding to make and file a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice. If such an affidavit is filed, the judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Id. It is well established, however, that the judge against whom an affidavit of bias and prejudice is filed under Section 144, must himself decide the legal sufficiency of the facts alleged. Green v. Murphy, 259 F.2d 591, 593 (3rd Cir. 1958). In considering the affidavit, the judge must accept the allegations as true. Id.

Plaintiff's Affidavit alleges that this Court has a personal bias or prejudice against Plaintiff, and in favor of Defendant. Plaintiff outlined a series of assertions in support of his Affidavit, which primarily complained that Plaintiff's initial Motion to Compel was incorrectly filed by the Clerk of the Court, and that the Court failed to correct the alleged mistake. Plaintiff also asserts that the Court's dismissal of his Complaint and Motion to Compel, and the failure to grant his Motion for a Stay are evidence of the Court's personal bias or prejudice. Finally, Plaintiff claims that the Court's failure to respond to his "Motion to Vacate," which was filed in the Third Circuit Court of Appeals, constitutes an admission that the Court has committed fraud. This is an erroneous legal conclusion. Although Section 144 requires the Court to accept all factual allegations as true, the Court is not required to accept Plaintiff's legal conclusions as

correct.  The Court was not required to respond to Plaintiff's Motion to Vacate, as it was incorrectly filed with the Third Circuit, and ultimately referred back to this Court for resolution.

Plaintiff's allegations amount to no more than a claim that the Court has failed to rule in his favor.  It is well settled that prior adverse rulings by a judge do not constitute ground for his disqualification, even if the ruling was erroneous.  See Sacramento Suburban Fruit Lands Co. v. Tatham (1930, CA9 Cal) 40 F.2d 894, cert den (1930) 282 US 874, 75 L Ed 772, 51 S Ct 79; United States v. Shibley (1953, D.C. Cal) 112 F Supp 734; Kelly v. New York, N. H. & H. R. Co. (1956, D.C. Mass) 139 F. Supp 319; In re Federal Facilities Realty Trust (1956, D.C. Ill) 140 F. Supp 522.  Plaintiff must allege facts that, if true, would establish a *personal* bias or prejudice against one party and in favor of another.  I find that Plaintiff has failed to do so in this case, and as such, find that the Affidavit of Bias or Prejudice is legally insufficient to invoke the requirements of Section 144.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIYI ZHOU, | : |
| | : |
| Plaintiff, | : |
| v. | :  No. 06-cv-100 |
| | : |
| ALBERTO GONZALES, | : |
| U.S. ATTORNEY GENERAL, | : |
| Defendant. | : |

**ORDER**

**AND NOW**, this 13th day of September 2006, **IT IS HEREBY ORDERED** that Plaintiff's "Affidavit of Bias or Prejudice" is **DENIED**.

BY THE COURT:

S/Clifford Scott Green
**CLIFFORD SCOTT GREEN**